## MILLER et v UNITED STATES FIDELITY & GUARANTY CO et

Ohio Appeals, 2nd Dist, Darke Co

No 423. Decided May 4, 1933

Billingsley & Mannix, Greenville, for plaintiff in error.

Baird Broomhall, Troy, and Michael E. Norris, for defendants in error.

**OPINION**

By BARNES, J.

The cause is now regularly in this court on proceedings in error.

The petition in error sets out eleven alleged grounds of error and we will take these up in the order set out in said petition. The first enumerated ground of error is that the court erred in overruled the motion for new trial. Of course this involves a consideration of all the other separate alleged grounds of error and is determined accordingly.

Second ground of error is a complaint that the court erred in overruling the motion of the defendants below for a directed verdict at the close of the testimony of plaintiff below.

The well defined issue in the court below was raised through the defendants Miller and Horlacher's denial that they had signed the indemnity bond sued upon. The plaintiffs below failed to introduce any evidence whatever on the execution of the bonds, but did, without objection from the defendant, have the bond sued upon read to the jury. Other than the reading of the bond no formal introduction was made, although the purported bonds are attached to the bill of exceptions and apparently with other exhibits went to the jury without objection.

The motion for directed verdict at the close of plaintiff's case should probably have been sustained although there was evidence relative to the bonds on the part of witness Wilson which may have supplied the requisite scintilla. The signature and the bonds having been denied, the burden was upon the plaintiff to prove the execution, and the court correctly so charged the jury.

Under an issue denying execution no presumption arises by reason of the fact that the names appear on the document at the proper place for signatures. The only exception to this ruling is as to ancient documents. If the signatures are admitted as identified then a presumption arises against the signatories as to the body of the instrument. A discussion of this subject will be found in **Ohio Jurisprudence, Vol. 17, §§495-496.**

Following the motion for directed verdict the defendants introduced evidence directed to the claim that they had not signed indemnity bonds and they were each cross examined. Thereafter the plaintiff in rebuttal introduced evidence tending to prove that the defendants had signed the bonds and this latter evidence presented without objection. After the close of the testimony the defendants did not renew their motion for directed verdict. The discussion of this second ground of error becomes purely academic. The error was cured by the introduction of testimony by the defendant and rebuttal testimony of the plaintiff without objection. Even if not cured it was waived by reason of the fact that the defendant did not renew the motion at the close of all the testimony.

The fourth ground of error is identical in substance with the second and no further comments are necessary.

The fifth ground of error is based on the claim that the defendants below did renew their motion for directed verdict at the close of their case. The record does not sustain them in this contention, but even if it did it is a prerequisite that it be renewed at the close of all the testimony.

Errors three and six are directed to the admission and rejection of evidence.

We have carefully examined the record and find no error either in the admission of evidence over objection or the rejection of evidence offered by defendants below.

The seventh ground of error is predicated upon claim of newly discovered evidence. The affidavit in support of this ground of error does not bring it within the statutory ground.

The affidavit of the witness discloses that he received a subpoena to be present at the trial, but it arrived at his home during his

absence and too late for him to be present. The affidavit also sets forth what his evidence would have been. The record fails to disclose that the trial court's attention was called to the absence of this witness. The fact that he was subpoenaed would clearly show that the defendants knew that he had some information relative to the facts at issue. Reasonable diligence would require that they ascertain and know these facts before trial. The claim is now made that the affidavit of the absent witness refreshes the recollection of one of the defendants.

This ground of error is not sustained.

In the eighth ground it was contended that the court erred in its charge to the jury.

We have very carefully examined the charge of the court and find no error therein.

Under the ninth ground of error it is complained that the verdict of the jury is irregular in form, contrary to the weight of the evidence, contrary to law, inconsistent with and at variance with the judgment of the court below. We have no hesitancy in saying that the verdict will not be molested on the question of the weight of the evidence. The issue was very clean-cut and competent evidence was introduced to establish the execution of the indemnity bonds. Both of the defendants were requested to write their names on separate pieces of paper and the signatures so made were introduced in evidence and appear in the record as exhibits. The defendants also acknowledve their signatures to the answers filed by them. Thereby the jury not only had the acknowledged signatures but also those claimed to be forged. In addition to this the codefendants Blaine and Daisy Devor both testified that the indemnity bonds were signed by both Miller and Horlacher. The court and jury both saw the witnesses and thereby are better able to determine the credibility and weight to be given to the testimony of each.

The jury in returning their verdict included the name of Daisy M. Devor as to the first cause of action and the name of Blaine Devor as to the second cause of action. There is no question under the record that Daisy Devor did not sign the indemnity bond set forth in the first cause of action; also that Blaine Devor did not sign the indemnity bond set out in the second cause of action. On motion the court arrested judgment as to Daisy M. Devor in the first cause of action and Blaine Devor as to the second cause of action. We think that the

court was justified under the record in making such orders.

The verdict of the jury cannot be said to be contrary to law.

The tenth ground of error complains of irregularities in the proceedings of the court in that the court erroneously made certain remarks to the jury after they had retired and entered upon their deliberations.

The jury retired and entered upon their deliberations some time in the forenoon and near four o'clock in the afternoon the trial court called the jury into the court room and the following colloquy took place between the court, the jury and the foreman:

"Court: Have you agreed upon a verdict?

Jury: We have not.

Court: Who is your foreman?

Mr. Clark: I am.

Any question of law that is bothering you; or is it a question of fact?

Mr. Clark: Question of fact, I guess; we look at it in a different way.

Court: There isn't any likelihood of you getting together?

Mr. Clark: It don't look that way; we are not any nearer than we was in the forenoon.

Court: I can't understand when there isn't any question of law what is bothering you. You took an oath to decide the issues in this case according to the law and the evidence; and if you permit any other motive to enter into your deliberations you violate the oath that you took at the beginning of this case to decide according to the law and the evidence. I realize that it is within your exclusive province to determine the facts. Those facts are to be determined from the evidence. I think I will send you back to take one more vote and you may immediately after having done that make your report. You may take one more vote on the matter. So you may go back; take one more vote and then we will have your report."

Sec 11452 GC provides the circumstances under which a jury may be further instructed on their request. Beyond this, courts have inherent power to give further instructions where the end of justice and the circumstances demand it. The record discloses that the attorney for the defendants was present in court and so we do not have in the instant case that type of question which is so frequently present; that is, instructions to the jury in the absence of counsel. In view of the fact that the jury so very quickly returned a verdict

after the court sent them back to take one more ballot causes us to examine very carefully just what the court said and the manner in which it was said so far as we are able to get it from the record. The question may be said to be on the border line. After examining the entire colloquy between the court and the jury we are unable to find anything by which or through which the jury might get any information that the court. thought the verdict should be for or against either side. It was a simple statement to return a verdict according to the law and the evidence. We are unable to conclude that there is any prejudicial error in the court's statement to the jury. Finding no error to the prejudice of the defendants, our conclusion is that the judgment below should be affirmed.

Entries may be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.