### GROVE et v SUMMIT CO BD OF ED et

Ohio Appeals, 9th Dist, Summit Co

No 2340.    Decided Oct 18, 1934

W. E. Snyder, Akron, for plaintiffs.

Ray B. Watters, Prosecuting Atty., Akron, and C. B. MacDonald, Asst. Pros. Atty., Akron, for defendants Summit County Board of Education et.

W. A. Spencer, Akron, for defendant Board of Education of the West Franklin Township Rural School Dist.

M. E. Snyder, Akron, for defendant Board of Education of the East Franklin Township Rural School Dist.

### OPINION

By STEVENS, J.

The creation of the two districts in question was accomplished under the provisions of §4736, GC, which reads as follows:

"The county board of education may create a school district from one or more school districts or parts thereof, and in so doing shall make an equitable division of the funds or indebtedness between the newly created district and any district from which any portion of such newly created district is taken.  Such action of the county board of education shall not take effect if a majority of the qualified electors residing in the territory affected by such order shall within thirty days from the time such action is taken file with the county board of education a written remonstrance against it.  Members of the board of education of the newly created district shall be appointed by the county board of education and shall hold their office until the first election for members of a board of education held in such district after such appointment, at which said first election two members shall be elected for two years and three members shall be elected for four years, and thereafter their successors shall be elected in the same manner and for the term as is provided by §4712 GC.  The board so appointed by the county board of education shall organize on the second Monday after their appointment."

The sole complaint here urged is that the distribution of indebtedness was so inequitable as to amount to a gross abuse of discretion upon the part of the Summit County Board of Education.

. The rule governing intervention by courts in matters pertaining to the exercise of statutory authority by boards is as follows:

"The action of a public officer, or of a board, within the limits of the jurisdiction conferred by law, is not only presumed to be valid but it is also presumed to be in good faith and in the exercise of sound

judgment. Before a court will take cognizance of a claim that the action of such officer or board is unlawful, arbitrary, unreasonable, or of such character as to constitute an abuse of discretion, facts must be set forth which would warrant such conclusion."

State ex v Schneider ct, 103 Oh St 492, at p. 498.

From our examination of the allegations of the pleadings, and the transcript of the evidence, and from a consideration of these in conjunction with the evidence adduced in this court, we are unable to say that the action of the board in this case amounted to an abuse of discretion warranting judicial intervention.

The petition of the plaintiffs will be dismissed at their costs, with exceptions.

WASHBURN, PJ, and FUNK, J, concur in judgment.