### STATE ex ALLER & SHARP, INC. v TAYLOR et

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3203.   Decided Aug. 6, 1940.

462

William E. McKinley, Columbus, for plaintiff-appellant.

Thomas J. Herbert, Atty. Gen., Columbus, for Jacob B. Taylor, Director, etc.

Francis H. Kearns, Columbus, for Ohio Delivery, Inc.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The trial court sustained a general demurrer to the amended petition, and plaintiff not desiring to plead further, the action was dismissed at plaintiff's costs.

Plaintiff's amended petition in substance was as follows:

Plaintiff, relator, is an Ohio corporation engaged in a general contract hauling business, licensed by the Interstate Commerce Commission of the United States and by the Public Utilities Commission of the State of Ohio.

The defendant, Ohio Delivery, Inc., is a corporation, organized and existing under and by virtue of the laws of the State of Ohio, and both the plaintiff and defendant companies had their place of business in the City of Columbus, in the State of Ohio.

On or about September 11, 1939, the defendant Jacob B. Taylor, as director aforesaid, extended invitation to relator and others to bid on a contract for the transportation of liquor throughout the State of Ohio, Relator's bid was as follows:

10c per case of liquor transported to and from warehouses, stores, agencies, etc.

10c per case of liquor transported to permit holders on C. O. D. basis.

In compliance with the Director's request, relator accompanied its bid with a certified check in the sum of $10,000.00; also in connection with relator's bid and as requested by the defendant Director, a statement from a bonding company accompanied the bid

that it would execute as surety a bond in the sum of $10,000.00, guaranteeing the performance by the relator should said contract be awarded to it.

On September 18, 1939, Director Taylor notified relator that it was the lowest bidder, but notwithstanding the defendant Taylor on or about September 26, 1939, awarded the said liquor hauling contract to the defendant, Ohio Delivery, Inc., the next lowest bidder. The bid of the defendant, Ohio Delivery, Inc., was as follows:

10½c per case of liquor transported to and from warehouses, stores, agencies, etc.

10½c per case of liquor transported or delivered to permit holders on C. O. D. basis, and in addition ¼ of 1% of the amount collected on delivery.

The term of the contract was two years, and it is further alleged in the petition that the number of cases of liquor to be transported under said contract would amount to more than 2,000,000 cases per year, or more than 4,000,000 cases for the said term of two years. The bid of the relator or the difference of ½c per case and the difference in cases delivered on a C. O. D. basis would amount to approximately $25,000.00 per year, or $50,000.00 for the said term of two years, under the bid of said Ohio Delivery, Inc.

The amended petition thereafter alleges the following which is set out verbatim:

"The relator states that the defendant, Jacob B. Taylor, colluded with the defendant, Ohio Delivery, Inc., and said liquor hauling contract was awarded by said defendant, Jacob Taylor, to said defendant, Ohio Delivery, Inc.

"The defendant, Jacob Taylor, in rejecting the bid of relator herein without any reason whatsoever, and in colluding with said defendant, Ohio Delivery, Inc., was derelict in his duty as Director of Liquor Control Department of the State of Ohio; said defendant's acts were in fraud of the taxpayers, citizens and purchasers of liquor of the State of Ohio. The act of the defendant, Jacob Taylor, in awarding said contract to the defendant, Ohio Delivery, Inc., was a gross abuse of discretion."

The prayer of the amended petition asks that a writ of mandamus be issued to the defendant Director to cancel the contract of Ohio Delivery, Inc., and award said contract to relator and for such other and further relief as the court may deem just and proper in the premises.

The sole and only question for our determination is whether or not the trial court was in error in sustaining defendant's general demurrer to plaintiff's amended petition.

It is conceded that the defendant Director of Liquor Control is not obligated under the law to invite or advertise for bids for the transportation of liquor throughout the State of Ohio. In other words, the action of the Director of Liquor Control in extending invitations for bids was purely voluntary. It is the contention of counsel for relator that the defendant Director having elected to receive bids was thereafter obligated to consider all bids presented in conformity to the invitation to bid and let the contract to the lowest bidder.

We are unable to subscribe to this theory of the law, in the absence of any showing in the petition that the Director in his invitation to bid represented that the contract would be let to the lowest bidder.

Even under such a provision in the invitation to bid, we would then determine that the Director would not be obligated to let the contract to the lowest bidder provided it was properly determined that a higher bid was the best bid.

Under such a situation it is probable that a petition setting out such facts would not be subject to general demurrer, but the question would be raised through an affirmative defense.

Under the invitation to bid, as set out in the amended petition, Director Taylor would have the right to reject any and all bids, or let the con-

tract to the person or company who in his judgment presented the best proposition, even though such was not the lowest bid.

In determining the question as to what is the best bid under any public letting, the question of price is one element, but there are always present other elements which may overcome the element of price.

Neither counsel in their briefs have been able to cite us to any authorities either in Ohio or other jurisdictions, having to do with the question as presented in the instant case.

All cases cited relate to public lettings provided for by statute.

In Ohio, so far as we are advised, the statute provides that in public lettings the contract will be awarded to the lowest and best bidder. In situations as presented in the instant case, where no statutory provision is made for public letting, it is our ▮▮▮▮▮ determination that the contracting authority acting in good faith has the absolute right to determine the best bid and award the contract accordingly.

Counsel for relator makes the further claim that the defendant Director did not act in good faith, but, on the contrary, his acts were fraudulent and an abuse of discretion.

Our court has frequently determined that the acts of any Commission or other entity acting under authority of law, may be subject to review, usually by action in mandamus for any gross abuse of discretion. While relator's amended petition mentions fraud and abuse of discretion, this ▮▮▮▮▮ alone is not sufficient, but there must appear in the pleading allegations of operative facts. The amended petition does allege that the defendant Taylor colluded with the defendant Ohio Delivery, Inc., and rejected the bid of relator without any reason whatsoever. These are the only allegations which, by any stretch of the imagination, could be construed as operative facts. After a careful analysis, we cannot so construe ▮▮▮▮▮ them. However, even if construed as operative facts, and under the demurrer being admitted as true, they still fall short of alleging that Ohio Delivery, Inc., did not present the best bid. In other words, even though the Director colluded with Ohio Delivery, Inc., and rejected relator's bid without any reason, it was still possible that the bid of Ohio Delivery, Inc., was the best bid, although not the lowest. The rule of pleading is well recognized ▮▮▮▮▮ nized that while a demurrer admits all the facts that are well pleaded, it does not admit mere conclusions.

Under the allegations of the petition, giving it the most favorable construction, we are unable to find the allegations of operative facts that would make a prima facie showing that Ohio Delivery, Inc., did not present the best bid.

The writer of this opinion at this moment is taking bids for the labor cost of painting a house, the owner to furnish the paint. The contract will not be let to the lowest bidder for the reason that it is not considered the best bid. Experience, equipment, facilities, responsibility, are some of the elements that will be controlling in awarding the contract. Similarly, in the instant case, the same and other elements are proper to be considered in determining what would be the best bid. In order for relator to properly meet his requirement, it would be necessary for him to show that all the ▮▮▮▮▮ various elements that could properly be considered in awarding the contract were substantially equal or better than those of Ohio Delivery, Inc. Had the amended petition contained such allegations, in proper language, then the additional element of price would have made a prima facie showing that it was the best bidder.

We find no prejudicial error, therefore, the judgment of the trial court will be affirmed and costs adjudged against the plaintiff-appellant.

HORNBECK, PJ., GEIGER, J., concur.