By the Court.
 

 An examination of the record herein shows that no motion for a directed verdict or for non-suit was made by the defendant after all the evidence had been introduced. By such failure to move for a directed verdict, which would challenge the legal sufficiency on the entire evidence adduced, the defendant submitted the issues to the trial court as a question of fact. “Without such challenge the whole case goes to the jury.”
 
 Cincinnati Traction Co.
 
 v.
 
 Durack, Admx.,
 
 78 Ohio St., 243, 85 N. E., 38.
 

 Unless a motion for a directed verdict is renewed at
 
 *81
 
 the close of all the evidence, error cannot be predicated upon the refusal of the court to direct a verdict.
 

 Upon appeal to the Court of Appeals, the issue presented was simply whether the judgment of the trial court was sustained by sufficient evidence. The defendant was not entitled to a judgment in its favor based on the legal insufficiency of the evidence, since he had made no such challenge by appropriate motion. This court, in the case of
 
 Whitaker, Admr.,
 
 v.
 
 Michigan Mutual Life Ins. Co.,
 
 77 Ohio St., 518, 83 N. E., 899, paragraph two of the syllabus, held:
 

 “Although a party against whom a verdict is returned and a judgment is rendered in the Court of Common Pleas may have been entitled to an instruction to the jury to return a verdict in his favor, he is not, on that account, entitled to a final judgment in his favor in a reviewing court unless upon the trial he has requested that such instruction be given.”
 

 The Court of Appeals found the judgment not to be “against the weight of the evidence.” This court does not weigh the evidence. It follows, therefore, the judgment of the Court of Appeals should be and is hereby affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.