HOFFMAN, D. B. A. ALBERT J. HOFFMAN REALTY AND INSURANCE, APPELLEE, *v.* ROSENDAHL, APPELLANT.

(No. 1072—Decided October 3, 1956.)

*Messrs. Condo, Walsh & Stitsinger*, for appellee.
*Messrs. Connaughton & Schwab*, for appellant.

Ross, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Butler County, Ohio, through which the plaintiff recovered the sum of $1,450 as commission for the sale of certain real estate. Trial was to the court without a jury.

The essential allegations of the amended petition are that on April 17, 1954, plaintiff and defendant entered into an oral agreement, whereby the plaintiff was to find a purchaser for certain real estate at a price of $32,000, for a commission of 5 per cent; that the defendant represented he owned such real estate; that defendant represented he was duly authorized by the owner to sell such real estate; that defendant was not the owner of such real estate, or duly authorized to sell same, but had only a dower interest therein and was not authorized to employ the plaintiff to sell same; that plaintiff relied upon such false representation and accepted employment, relying thereon; that plaintiff found a purchaser for the real estate and presented an offer to defendant of $29,000, which offer defendant accepted in writing; and that plaintiff had been damaged in the sum of $1,450.

In the answer defendant denied entering into an agreement to pay the plaintiff 5 per cent commission. He denied that he represented himself to be the owner of the real estate. He denied that plaintiff found a purchaser who made an offer to purchase in writing.

Defendant alleged that a purported offer to purchase, containing defendant's name, was secured by stealth and against the wishes of his wife and that no offer to purchase was accepted by his wife.

A reply containing a general denial was filed.

From the evidence it appears that plaintiff presented to the defendant an offer to purchase for $28,500; that defendant refused such offer; that the real estate agent called the offerer, who permitted a change to $29,000; that defendant signed one of three copies of such offer, but delivered none to the agent; that the agent waited at the house of defendant for a number of hours for the defendant's wife, who was out of the city on a shopping trip and was expected back; that the agent left the offer to purchase with the defendant, who left the city

to be gone several days; that defendant called his wife by telephone and told her not to deliver the offer to purchase to the agent; that the plaintiff's employee called at the defendant's home in his absence and, over the protest of defendant's wife, took the offer to purchase from a table and returned it to the plaintiff; that defendant, on his return home, called plaintiff by telephone, told him he had an offer to purchase the real estate and asked him whether he had a better offer; that plaintiff made a claim for commission which defendant stated had not been earned; and that defendant at all times said that his acceptance was conditioned upon securing the signature of his wife, which was never secured. No place in the evidence does there appear an unqualified, unconditional acceptance by the defendant of an offer to purchase at the figure ($32,000) which plaintiff alleges in his amended petition was the amount stated to him by defendant as the figure at which defendant would sell.

The employment of plaintiff was under a nonexclusive basis. There is no evidence that the defendant at any time said he owned the property, and the actions of the plaintiff and his employees in waiting for the signature of the wife, which was at all times made a condition of acceptance, indicate that the plaintiff should have had reasonable grounds to believe that the wife was the title owner.

The allegations of fraud and misrepresentation in the amended petition are wholly unsustained by the evidence.

This is not a case where the real estate agent presents an offer to purchase for an amount stipulated in the employment agreement, and an unqualified, unconditional acceptance by the employer of the agent is, therefore, necessary in order to entitle the agent to the agreed commission.

It not only appears that the claims of the plaintiff are not sustained by substantial evidence, but the evidence of plaintiff and his witnesses is such as to preclude recovery. This court, therefore, approaches the determination of what its judgment should be.

A problem is presented by the state of the record, hereinafter noted. Briefly, the question is: Did the defendant request judgment as a matter of law, after the conclusion of all the evidence, then, before, or after judgment? Reference to 4

Ohio Jurisprudence (2d), 592, "Appellate Review," Section 1216, indicates that the predicates to the right of a Court of Appeals to render final judgment in an appeal on questions of law are not fully accepted by all courts of appeal.

In a case somewhat similar to this one, to which reference is herein made, this matter was discussed by this court at length. *Welge* v. *Welge,* 87 Ohio App., 95, 94 N. E. (2d), 210. This court followed the *per curiam* opinion of the Supreme Court in *McKellips* v. *Industrial Commission,* 145 Ohio St., 79, 60 N. E. (2d), 667. Reference to the record in that case shows that a motion for new trial was filed in which one of the grounds was that the "verdict" was contrary to law. The trial in the *McKellips case* was to the court without a jury. As stated in the *Welge case,* this court thought that the rule should be different in such case from that where a jury is employed, but felt bound by the rule laid down in the *McKellips case.*

We now consider a rather unusual motion filed by the defendant in the instant case. There was no motion for judgment as a matter of law before or after judgment, except this motion. It contains the following language:

"Now comes the defendant and moves the court for an order setting aside the finding and judgment of the court heretofore entered herein for the following reasons, to wit: That said finding and judgment is contrary to law and to the weight of the evidence."

That motion was treated, by the court and both parties, as a motion for new trial and, as such, was overruled.

The only application to the court in this motion is to vacate the judgment. There is neither an application for a new trial nor for final judgment as a matter of law in favor of the defendant.

The defendant did make a motion for nonsuit at the conclusion of the plaintiff's case, but that motion was waived when the defendant introduced evidence, and it was not renewed at the close of the defendant's evidence. Such renewal is necessary to present to this court an application for judgment as a matter of law. *Wilkeson, Admr.,* v. *Erskine & Son, Inc.,* 145 Ohio St., 218, 61 N. E. (2d), 201.

In this court the assignments of error contain two claims to final judgment:

(1) "The court erred in refusing to grant judgment to the defendant on the pleadings and the evidence at the conclusion of plaintiff's case."

(2) "The court erred in failing to grant judgment at the conclusion of all the evidence to the defendant."

(3) "The court erred in failing to set aside his findings and grant a new trial after the rendition of the opinion and filing of the judgment."

Unless the motion quoted may be considered a motion for nonsuit and final judgment for the defendant, as a matter of law, he has failed, under the decisions noted, to lay a predicate for final judgment in his favor in this court. Impelled as we are to extend to the pleader every possible favorable construction and intendment on his motion, consideration of judicial subordination, in view of the authorities noted, limits our construction to the bounds of his prayer, which was merely for a vacation of the judgment of the trial court. No indication appears in the record after the close of the evidence that the defendant considered himself entitled to a final judgment as a matter of law.

We are not unmindful of the evident purpose of the defendant to secure a judgment in his favor, but that end could be obtained upon the weight of the evidence as well as a matter of law, and the authorities clearly indicate that the latter ground must be specifically brought to the attention of the court, and this in spite of the broad language of Section 2505.37, Revised Code.

Regretfully, therefore, we confine ourselves to a reversal of the judgment of the trial court upon the sole ground that the record fails to disclose any substantial evidence sustaining the claims of the plaintiff, and remand the cause to the trial court for a new trial.

*Judgment reversed and cause remanded.*

HILDEBRANT and MATTHEWS, JJ., concur.