PALETTA, Appellee,

v.

PALETTA, Appellant.

[Cite as *Paletta v. Paletta* (1990), 68 Ohio App.3d 507.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57162.

Decided July 10, 1990.

*Hahn, Loeser & Parks, James M. Wilsman* and *Kim M. Hastings,* for appellee.

*Thomas E. Frye,* for appellant.

ANN McMANAMON, Judge.

Eugene Paletta seeks review of a purported "palimony" order by the Domestic Relations Division of Common Pleas Court in favor of Shirley Paletta, a woman with whom he had lived for fourteen years. In five assignments of error,[1] he contests theories of *quantum meruit* and *de facto* spousal relationship as a basis for a judgment, as well as attorney fees, restraint on his bank account and division of his Florida real estate. He also raises objection to the jurisdiction of the trial court.

Shirley Paletta has moved to dismiss this appeal.

Shirley Paletta's claims against Eugene Paletta were tried on November 25, 1988 and the court announced its decision three days later. At that time the judge instructed plaintiff's counsel to prepare a judgment entry reflecting the court's findings and final order. The court further indicated that " * * * the Court Reporter can prepare the things that I have said this morning, and each party may obtain a copy of that to facilitate the drawing of the judgment entry and its approval * * *."

1. See Appendix.

Plaintiff's counsel sent the proposed entry to opposing counsel under cover of the following letter dated December 22, 1988:

"Pursuant to Local Rule 28(B)(1) I am submitting a Judgment Entry for your approval. Please execute this Judgment Entry and return it to me. I will then submit it to the court for signature. If this is not acceptable please call me immediately."

Eugene Paletta's attorney signed the entry which the court subsequently approved and journalized on December 29, 1988. Eugene Paletta now claims that, by signing the judgment entry on the blank provided under the phrase "submitted to," he did not approve it, but only acknowledged receiving it.

Loc.R. 28(B)(1) of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, sets forth:

"The Court may order or direct either party or counsel to prepare and present for journalization the judgment entry required by subsection (A) of this Rule. When so ordered or directed by the Court, such party or his counsel shall, within 10 days thereafter, unless the time be extended by the Court, prepare a proper judgment entry and submit the same to the opposing party or his counsel. The opposing party or his counsel shall have 3 days in which to approve or reject the judgment entry. In the event of rejection, the opposing party or his counsel shall file with the Court, at the time of such rejection, a written statement of his objections to the judgment entry. * * * "

Having expressly approved the judgment entry with his signature and not having otherwise filed objections to the judgment, as required by Dom.Rel. Loc.R. 28(B)(1), Eugene Paletta, through counsel, waived his claimed errors and may not now raise them for the first time on appeal. *Downing v. Downing* (Apr. 16, 1981), Cuyahoga App. No. 42993. See *Kalish v. Transworld Airlines* (1977), 50 Ohio St.2d 73, 4 O.O.3d 195, 362 N.E.2d 994, syllabus; *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629; *Welge v. Welge* (1950), 87 Ohio App. 95, 42 O.O. 316, 94 N.E.2d 210.

The plaintiff's motion to dismiss is granted.

*Appeal dismissed.*

KRUPANSKY, P.J., and HOFSTETTER, J., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.

### APPENDIX

Appellant's assignments of error are:

## I

"The trial court erred in awarding plaintiff a lump sum of $25,000.00 on the theory of *quantum meruit* or unjust enrichment or *de facto* spousal relationship."

## II

"The Court erred in awarding plaintiff $7,500.00 in attorney fees."

## III

"The court erred in continuing to restrain defendant's bank account No. 08–500814 at Third Federal Savings and Loan."

## IV

"The court erred in dividing the parties' Florida condominium and its furnishings."

## V

"The court erred in awarding the plaintiff a lump sum award and attorney fees as the court lost jurisdiction over the parties once it had determined that there was no valid marriage existing between them."