[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Eileen Rae Riegel ("appellant"), appeals the January 5, 1998 judgment of the Union County Court of Common Pleas, Domestic Relations Division, ordering appellant to pay spousal support; to contribute child support in the form of private school tuition and college tuition and expenses; and to pay an equal share of a tax deficiency totaling $43,221.00.
The facts of the case are as follows. The parties were married on June 23, 1973. On May 30, 1996, appellant filed a complaint seeking a divorce from Ronald John Riegel ("appellee"), a division of the marital assets, and to be designated by the court as residential parent and custodian of the parties' minor children.
Two provisions of the shared parenting plan filed by appellee and adopted by the trial court are the subject of this appeal. First, the plan requires that the parties divide equally the cost of each child's private school tuition. Second, the plan requires the parties to divide equally the tuition and expenses of each child's college education.
Further, the trial court, as part of its judgment entry, ordered appellant to pay spousal support of one-hundred dollars per month to appellee for a period of one year. In addition, the trial court ordered the respective parties to bear equal responsibility for a tax deficiency totaling $43,221.00.
It is from this judgment that appellant appeals, setting forth four assignments of error.
 Assignment of Error No. 1 The trial court abused it's [sic] discretion and erred as a matter of law in ordering appellant to pay spousal support to appellee.
Pursuant to R.C. 3105.18(B), "[i]n divorce * * * proceedings,upon the request of either party * * *, the court of common pleas may award reasonable spousal support to either party." (emphasis added.) Although appellee did not specifically request spousal support, appellee's counterclaim states in pertinent part that the "* * * defendant be granted judgment, granting him * * * support according to the law * * * and such other relief as the Court deems just and equitable."
Appellee contends that the language of his counterclaim is sufficient to satisfy the requirements of R.C. 3105.18(B). Appellant submits that no specific request for support was made[1] and, therefore, the court erred as a matter of law in awarding spousal support to appellee.
Under former R.C. 3105.18, a demand for spousal support was not a prerequisite to the granting of support. On January 1, 1991, the legislature amended R.C. 3105.18(B) and added the provision that the trial court may award spousal support "upon the request of either party." In interpreting the language of R.C.3105.18(B), at least one other Ohio appellate court has held that no specific request for support is needed for a trial court to render an award of spousal support. The Second District Court of Appeals in Phillips v. Phillips (May 11, 1994), Montgomery App. No. 14199, unreported, affirmed an award of spousal support where no specific request for support was made in the complaint. The court in Phillips held that a general request for "* * * such other relief to which [the wife] may be entitled * * *" was sufficient to satisfy the requirements of R.C. 3105.18(B).Phillips, supra. Further, the Supreme Court of Ohio in Bolingerv. Bolinger (1990), 49 Ohio St.3d 120 held that a trial court acquires subject matter jurisdiction to award spousal support and make a division of marital assets when either party files a complaint for divorce and for an equitable division of such assets. Although Bolinger was decided before R.C. 3105.18(B) was amended, we find that the rationale still applies. See, also, 1 Morganstern, Domestic Relations Law (1997) 535, Ch. 13.3.
Although appellee did not request spousal support at the proceeding held on November 22, 1996, we find that appellant's counterclaim was sufficient to satisfy the requirements of R.C.3105.18(B). Therefore, the trial court did not err as a matter of law in ordering appellant to pay spousal support to appellee.
We must now decide whether the trial court abused its discretion in finding that appellee was entitled to spousal support.
Upon review of an award of spousal support, a court cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64. Appellant must show that the award of spousal support is unreasonable, arbitrary, or unconscionable before a reviewing court may modify or reverse that award. Kunkle, supra.
Prior to granting an award of spousal support the trial court must take into account, in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, the factors listed in R.C. 3105.18(C)(1). In the instant case, the trial court's judgment entry states in pertinent part that:
 [T]he Court finds from the evidence presented and the aforementioned factors in 3105.18, the Defendant has a need of spousal support for a period of one year, in the sum of $100.00 per month beginning January 1, 1998 and that an award should be made of that amount to him.
The trial court correctly followed the statutory guidelines outlined in R.C. 3105.18(C)(1) in deciding whether to award spousal support to appellee. Further, a review of the record shows that the trial court's decision does not amount to an abuse of discretion.
Accordingly, appellant's first assignment of error is overruled.
 Assignment of Error No. 2 The trial court abused it's [sic] discretion and erred as a matter of law in ordering the appellant to pay one-half of the tuition for the parties' children attending private school.
 For purposes of clarity, we will first address appellee's contention that, due to appellant's failure to assert timely objections to the provisions of the shared parenting plan ordering each parent to contribute an equal share of the childrens' college and private school tuition, appellant has effectively waived her right to raise those objections on appeal. In the case sub judice, the trial court reached its preliminary decision pursuant to this matter on December 15, 1997, which included a finding that appellee's amended shared parenting plan would best serve the interests of the children. The preliminary decision prepared by the trial court directed appellee to prepare the final decree, which was thereafter submitted to appellant on December 26, 1997, and was signed and filed by the trial judge on January 5, 1998.
In his brief, appellee sets forth that the Supreme Court of Ohio's decision in State v. Williams (1977) 51 Ohio St.2d 112
controls in the instant case. In Williams, the Court held that "an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."Williams, supra, at 117. A thorough review of the record, however, leads us to the conclusion that the decision in Williams
does not control the case at bar.
When a party expressly approves the judgment entry by signature and does not otherwise file objections to the judgment, that party waives the claimed errors and may not raise them for the first time on appeal. See Paletta v. Paletta (1990),68 Ohio App.3d 507. In the instant case, although appellant's counsel did not file objections to the judgment entry, appellant's counsel never approved the judgment entry. Appellant's counsel did not sign the judgment entry, indicating appellant was opposed to the findings therein and would appeal the same. Accordingly, we find that appellant, for purposes of this appeal, did not fail to raise timely objections to the provisions of the shared parenting plan.
We must now decide whether the trial court abused its discretion and erred as a matter of law in ordering appellant to pay one-half of the tuition for the parties' children to attend private school.
R.C. 3113.215 establishes child support guidelines and requires a trial court to calculate the child support obligation in accordance with a detailed child support schedule and worksheet outlined in the statute. See, also, DePalmo v. DePalmo (1997),78 Ohio St.3d 535. R.C. 3113.215(B)(6)(a) applies to child support cases administered under shared parenting orders.
Deviation from the child support guidelines is a matter within the trial court's discretion. Hockenberry v. Hockenberry
(1992), 75 Ohio App.3d 806. Absent an abuse of discretion, this determination will not be disturbed on appeal. Rock v. Cabral
(1993), 67 Ohio St.3d 108, 112. R.C. 3113.215(B)(6)(a) states in pertinent part that:
 [I]f the application of the schedule and the worksheet * * * would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B)(3) of this section, the court may deviate from the amount of child support that would be ordered in accordance with the schedule and worksheet * * * and shall enter in the journal * * * its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination. (emphasis added.)
This Court recognizes that in domestic-relations actions the courts must have broad discretion to fashion decrees that are equitable based on the facts and circumstances of each case.Eickelberger v. Eickelberger (1994), 93 Ohio App.3d 221. Despite the trial court's broad-based authority to fashion equitable relief in domestic relations cases, the Supreme Court of Ohio has held that "the terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects." Marker v. Grimm (1992), 65 Ohio St.3d 139, 143. "Further, any court-ordered deviations from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination. Marker, supra, at 143. The provisions of R.C. 3113.215 are to be strictly construed by the courts and failure to comply with the requirements of R.C.3113.215 constitutes reversible error. Marker, supra, at 143.
In the case sub judice, the trial court failed to make findings of fact supporting its decision to deviate from the child support schedule and worksheet. Therefore, the trial court erred as a matter of law in ordering appellant to pay one-half of the tuition for the parties' children to attend private school.
For the foregoing reasons appellant's second assignment of error is well-taken and we remand this cause to the trial court to render findings of fact supporting its deviation from the child support guidelines.
 Assignment of Error No. 3 The trial court erred as a matter of law by ordering the appellant to pay matching funds for the college expenses of the parties' children.
The shared parenting plan adopted by the lower court provides in pertinent part that "each parent shall match any contribution made by the other to the cost of the child's college educationwhile the child is enrolled as a full time student in anaccredited college or university until the child reaches age 25.
(emphasis added.) The Supreme Court of Ohio in Mitchell v.Mitchell (1960) 170 Ohio St. 507, held that a trial court may order, as part of a support obligation, the child support obligor to make payments for the college education of minor children electing to matriculate in an accredited college up to the age of majority. At the time of the decision in Mitchell, the statutory age of majority was 21 years.
At the present, R.C. 3109.01 states in pertinent part that "[a]ll persons of the age of eighteen years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes." Pursuant to R.C. 3109.01, the age of majority in Ohio is eighteen years.
It is generally well established that once a child of the parties to a divorce proceeding reaches the age of majority, the court that granted the divorce has no authority to provide for the support of such child. Maphet v. Heiselman (1984), 13 Ohio App.3d 278;Tapp v. Tapp (1995), 105 Ohio App.3d 159. In such a case, the court loses jurisdiction over the child. Miller v. Miller
(1951), 154 Ohio St. 530. A supporting parent may agree, however, to continue support of the children beyond the age of the child's majority. Robrock v. Robrock (1958), 167 Ohio St. 479. When incorporated into a decree of divorce, the agreement is enforceable as an order of the court, even though the court would otherwise be without jurisdiction. Rohrbacher v. Rohrbacher
(1992), 83 Ohio App.3d 569; O'Connor v. O'Connor (1991),71 Ohio App.3d 541. Therefore, in circumstances where, as part of a valid agreement, a parent agrees to provide a college education for his or her children, and where such an agreement is incorporated in a decree of divorce, such decree becomes binding even though the performance required by the decree may extend beyond the minority of the children. Robrock, supra.
A thorough review of the record, however, establishes that the respective parties did not enter into an agreement providing for the payment of college tuition and expenses. In fact, appellant specifically opposed any plan for the payment of college tuition and expenses.[2] Therefore, we find that the trial court erred as a matter of law in ordering appellant to pay one-half of the college tuition and expenses.
Accordingly, appellant's third assignment of error is well-taken.
 Assignment of Error No. 4 The trial court erred as a matter of law in finding the tax debt for tax year 1992 to be $43,221.00.
 Appellant contends that the trial court abused its discretion in finding a tax deficiency totaling $43,221.00. The judgment entry of January 5, 1998, states in pertinent part that "[t]he federal and state income taxes and deficiencies up to and including the date of separation of parties * * * shall be borne and paid equally by the parties, each to hold the other harmless from liability for their share of this indebtedness." Pursuant to Exhibit A of the judgment entry, there is a tax deficiency totaling $43,221.00.
Appellant contends that the pre-trial statement set the value for state and federal taxes for tax year 1992 at zero, while Exhibit A of the judgment entry sets the tax liability at $43,221.00. Appellant fails to note, however, that pursuant to Exhibit A of appellee's pretrial statement, the 1992 tax liability with interest was labeled as unknown at that time. Therefore, appellant's contention is without merit.
Next, appellant contends in her brief that "[t]he record is absolutely and completely devoid of any evidence of a $43,221.00 tax liability for tax year 1992 until counsel for Dr. Riegel put it in Exhibit A of the journal entry which he submitted to the court." A review of the record, however, shows that pursuant to appellee's Exhibit B, a statement of the tax balance from the Internal Revenue Service, there is a federal income tax liability totaling $43,220.76. Therefore, there was sufficient evidence in the record for the trial court to find a tax liability totaling $43,221.00.
Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed in part, reversed in part, and causeremanded for further proceedings consistent with this opinion.
 SHAW, P.J., and EVANS, J., concur.
[1] The proceedings from November 22, 1996, reveal the following:
 The Court: "I understand you to say though that he's not asking for support."
 Counsel for Appellee: "Oh, no, no. He's not asking for spousal support from Mrs. Riegel."
Court: "Okay."
[2] The relevant portion of the proceedings from September 27, 1996, reveal the following:
 Counsel for Appellant: "And Dr. Riegel has also had a proposal for this court that was just recently filed today, that asks that the Court adopt a plan whereby you pay one-half of the college tuition. Do you have the ability to pay one-half the college tuition?"
Appellant: "No, I sure don't."
 Counsel for Appellant: "Are you asking this Court to accept that as a part of the proposal of the shared parenting plan that he's put together?
Appellant: "No."