{¶ 10} I agree with the majority opinion and write separately to emphasize the underlying judgment entry dismissing this case below. The record reveals the State of Ohio approved, by signature, the judgment entry dismissing the case with prejudice.
 {¶ 11} As such, the only waiver in the record below was by the State with its express approval of the judgment entry of dismissal. With that in mind, it is questionable whether the State can subsequently appeal a decision after consenting to the with prejudice dismissal of the entire case.[2]
 {¶ 12} Based on the foregoing, and fundamental principles of
 {¶ 13} fairness, it seems axiomatic that once the State approved the judgment entry dismissing the case, it expressly waived any objections and is arguably estopped from appealing the same entry.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Opinion
McFarland, J.: Concurs with Concurring Opinion
[2] See, generally, Mansker v. Dealers Transport Co. (1953),160 Ohio St. 255, 116 N.E.2d 3 (discussing estoppel by judgment); In reSideris, Athens App. No. 04CA37, 2005-Ohio-1055 Santobello v. NewYork (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (discussing duties of the prosecution); and Paletta v. Paletta (1990),68 Ohio App.3d 507, 589 N.E.2d 76, (holding counsel waived errors for appeal by expressly approving judgment entry with signature.).