ROSS, APPELLANT, *v.*
WOYAN ET AL.; GRANGE MUTUAL
CASUALTY COMPANY, APPELLEE.

(No. 80AP-428—Decided December 23, 1980.)

*Messrs. Bell, White, Stein, Lehman & Ross* and *Mr. Richard M. Stein,* for appellant.

*Messrs. Baldwin, Menapace & Sheppard, Mr. Alan Wayne Sheppard* and *Mr. William A. Gardner,* for appellee.

MCCORMAC, J. Plaintiff-appellant, Leo P. Ross, an attorney, sued Fred and Deborah Woyan and Grange Mutual Casualty Company (Grange) for $1,501.50 for attorney's fees and expenses incurred in representing the Woyans in a personal injury action. The claim against the Woyans was for breach of contract and the claim against Grange was for causing a breach of plaintiff's contract with the Woyans. The Woyans failed to answer or defend and a default judgment was returned against them.

Grange (the appellee herein) answered, admitting that it settled the claims with the Woyans for $3,000 and that it was aware that the Woyans had at one time been represented by plaintiff. However, Grange denied any interference with contractual relations and attached a

statement signed by the Woyans prior to settling with Grange, which stated that they were no longer represented by attorney Leo Ross, that Ross had been advised that he no longer represented them, and that there was no signed contract between Ross and them.

The case was tried to a jury. After presentation of all the evidence, a motion for a directed verdict and a motion to dismiss were made by Grange. The motion to dismiss was sustained and the case was dismissed.

Ross has appealed, asserting the following assignments of error:

1. "As a matter of law, the trial court committed plain and clear error, prejudicial to the appellant herein, by dismissing appellant's complaint after the close of all the evidence at trial, contravening the Ohio Rules of Civil Procedure."

2. "As a matter of law, the trial court committed plain and clear error, prejudicial to the appellant herein by directing a verdict for the appellee when there was sufficient evidence of record upon which the jury could reasonably have decided the case in appellant's favor."

The assignments of error are combined for discussion as they are interrelated. Although the trial court labeled its judgment as being based upon a motion to dismiss, it was, in reality, a directed verdict, as it was based upon the facts adduced, and is, thus, subject to the test for rendering a directed verdict.

The test for a directed verdict is stated in Civ. R. 50(A)(4), as follows:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a ver-

dict for the moving party as to that issue."

There is no real dispute as to the substantive law pertaining to a claim for interference with contractual relations. The test is as follows:

"One who intentionally and improperly interferes with the performance of a contract * * * between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract." Restatement of Torts 2d, Section 766.

An insurance company which willfully and intentionally interferes with the attorney-client relationship is liable to the attorney for any loss resulting therefrom. *Keels* v. *Powell* (1945), 207 S.C. 97, 34 S.E.2d 482. In *Keels,* the South Carolina Supreme Court held that a statement of such unlawful interference in the complaint was sufficient to overcome a demurrer for failure to state a claim.

The question in this case is whether, construing all of the evidence most strongly in favor of the plaintiff (Ross), there is proof upon which reasonable minds could differ that Grange willfully interfered with a contract between the Woyans and Ross.

The facts were that the Woyans suffered personal injury and property damage as a result of an auto accident with an insured of Grange. The Woyans retained Leo Ross as their attorney, who notified Grange of his representation of the Woyans. Grange's adjuster discussed the case with Ross and made a settlement of the property damage directly with the Woyans with the approval of Ross.

About a month later, the Woyans called the Grange adjuster directly and said they wanted to settle their claims with him. The adjuster asked the Woyans about their attorney and they told him they were no longer represented by Ross. The adjuster then called Ross and told

him, "I think we've got a problem here because your clients say they are not represented by you anymore. I think you should contact your clients and get it straightened out with them."

The Woyans contacted the adjuster once again a few days later and wanted to settle the case directly with Grange. On the morning of the settlement, the adjuster for Grange once again called Ross and told him that the Woyans were in his office, saying that he (Ross) did not represent them any more, that they no longer had an attorney, and that they would be willing to sign a statement saying they were not represented by Ross any longer. At that time, Ross told the Grange adjuster that he wanted his name on the check to the Woyans. The Grange adjuster said he could not do that because the Woyans had told him that Ross was no longer their attorney and that the attorney-client relationship had been terminated. A brief handwritten statement by the Woyans, that they were no longer represented by Ross, was drawn up and signed by the Woyans; at which time, Grange settled directly with the Woyans.

The Woyans did not testify. There was no evidence contrary to the adjuster's testimony that the Woyans affirmatively precipitated the settlement without encouragement by Grange.

A client is free to terminate his relationship with an attorney as he chooses. See *Bolton* v. *Marshall* (1950), 153 Ohio St. 250 [41 O.O. 270]. Once that relationship is terminated, a third party cannot be guilty of interfering with contractual relations, although the former clients may be liable to their former attorney for breach of contract or for payment for services rendered to that point.

There was no evidence in this case that Grange induced the Woyans to breach their contract with their attorney.

All of the evidence indicated that the Woyans no longer wished to be represented by Ross and wanted to settle their claim with Grange directly. While it is possible, or perhaps even probable, that the Woyans did so in the attempt to avoid paying their attorney, there is no liability on behalf of Grange for not protecting the former attorney's claim for his fee. Had Grange affirmatively contacted the Woyans and told them that they should settle on their own, there would be interference with contractual relations.

It would be speculation to permit a jury to consider that Grange may have induced the Woyans to breach their contract, as all the evidence is to the contrary. The fact that Grange may have benefitted by settling the case directly for less than would have been required to settle the case had the Woyans been represented by Ross during the settlement is not sufficient to raise an inference of intentional misconduct by Grange. Moreover, the evidence shows that the Grange adjuster called Ross when first approached directly by the Woyans to settle the claim and told Ross that he (the adjuster) had a problem with his (Ross') clients. The adjuster also called back and talked to Ross when the Woyans returned to the office to settle the claim about a week later. Since it was the Woyans' right to terminate the contract, Grange did not interfere with contractual relations by dealing directly with the Woyans, once it was established that the Woyans had, albeit unilaterally, terminated the oral contract of representation.

Ross's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and MOYER, J., concur.