TUMMINO, Appellant,

v.

GERBER, Appellee.

[Cite as *Tummino v. Gerber* (1997), 121 Ohio App.3d 518.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18113.

Decided July 16, 1997.

*James M. Lyons, Jr.*, for appellant.

*Joseph Coticchia*, for appellee.

———————

REECE, Judge.

Appellant, Melissa J. Tummino, appeals the judgment of the court of common pleas denying her motion for prejudgment interest. We affirm.

# I

On February 14, 1995, Jennifer Gerber failed to yield the right of way when attempting to turn left from Kent Road onto Fishcreek Road in Summit County, Ohio. Gerber's car struck the oncoming vehicle driven by Melissa Tummino. Tummino sustained neck, back, and facial injuries. As a result of facial trauma, Tummino suffered temporomandibular joint disfunction.

On August 17, 1995, Tummino filed a personal injury suit against Gerber in the Summit County Court of Common Pleas. Pursuant to Gerber's automobile insurance policy, State Farm Mutual Automobile Insurance Company provided her defense. The case was tried on May 30, 1996. Although Gerber's liability was uncontested, damages were at issue. On May 31, 1996, the jury returned an $18,000 verdict in Tummino's favor. Tummino then moved for prejudgment interest on June 10, 1996. After an August 13, 1996, hearing on the matter, the trial court denied Tummino's motion, finding no evidence that State Farm had failed to make a good faith effort to settle the case. This appeal followed.

# II

In her sole assignment of error, Tummino argues that the trial court erred in failing to award prejudgment interest on the $18,000 jury verdict. We disagree. Although Tummino claims that State Farm failed to rationally evaluate her case and failed to respond in good faith to her settlement offer, the evidence presented at the prejudgment interest hearing does not support this contention. Rather, the evidence suggests that Tummino failed to demonstrate good faith in negotiating a settlement of the case.

At the time of the prejudgment interest hearing in this case, R.C. 1343.03(C) provided:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." 139 Ohio Laws, Part I, 2035.

The determination to award prejudgment interest rests within the trial court's sound discretion. *Scioto Mem. Hosp. Assn., Inc. v. Price Waterhouse* (1996), 74 Ohio St.3d 474, 479, 659 N.E.2d 1268, 1273. Absent a clear abuse of that discretion, the lower court's decision in the matter should not be reversed.

*Mobberly v. Hendricks* (1994), 98 Ohio App.3d 839, 845, 649 N.E.2d 1247, 1251. As explained by the Supreme Court:

" 'An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.' " *Id.* at 845–846, 649 N.E.2d 1247, quoting *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–127, 482 N.E.2d 1248, 1251–1252.

██ Based on our review of the record in the present case, we cannot conclude that the trial court abused its discretion in denying Tummino's prejudgment interest motion. To award prejudgment interest, the trial court must find that the party required to pay the judgment failed to make a good faith effort to settle the case *and* that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case. *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331, 347. Thus, the crux of the trial court's decision is a determination of the exercise of good faith, or lack thereof. In the prejudgment interest context, the Supreme Court has developed a standard of good faith composed of (1) full cooperation in discovery proceedings, (2) rational evaluation of risks and potential liability, (3) unnecessary delay of the proceedings, and (4) a good faith settlement offer or response in good faith to an offer from the other party. *Id.* at 658–659, 635 N.E.2d at 348, quoting *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572, syllabus. Furthermore, a party possessing a good faith, objectively reasonable belief that he has no liability need not make a settlement offer. *Id.* at 658–659, 635 N.E.2d at 348, quoting *Kalain, supra.*

██ The party seeking prejudgment interest bears the burden of proof. *Moskovitz, supra,* 69 Ohio St.3d at 659, 635 N.E.2d at 348. In proving its good faith settlement effort, and a lack of good faith by the opposing party, "it is incumbent on a party seeking an award to present evidence of a written (or something equally persuasive) offer to settle that was reasonable considering such factors as the type of case, the injuries involved, applicable law, defenses available, and the nature, scope and frequency of efforts to settle. Other factors would include responses—or lack thereof—and a demand substantiated by facts and figures. Subjective claims of lack of good faith will generally not be sufficient. These factors, and others where appropriate, should also be considered by a trial court in making a prejudgment interest determination." 69 Ohio St.3d at 659, 635 N.E.2d at 348.

■ In the case *sub judice*, Tummino presented evidence that on July 14, 1995 her attorney sent a demand package to State Farm requesting a $35,000 settlement. At that time, her medical expenses were $2,094.78, her lost wages were $180, and the prognosis by her treating physician was fair, with some possible permanent injury. State Farm reserved $12,000 on the claim and made an initial offer of $5,000, which Tummino rejected without making a counterdemand. State Farm notified Tummino in writing that its $5,000 offer was not a final offer and indicated its desire for Tummino to make a counterdemand. Tummino renewed her $35,000 demand. State Farm then made offers of $8,000 and $10,000, which Tummino rejected without altering her $35,000 demand.

On September 18, 1995, State Farm withdrew all offers in writing, stating it would "continue to work with [Tummino] in an effort to get this matter concluded through continuing and hopefully fruitful negotiations once [Tummino] is satisfied that she wants to enter into meaningful negotiations towards settlement of this claim." State Farm, through its attorney, requested Tummino's deposition on January 24, 1996, took her deposition on April 8, 1996, obtained an independent medical examination on May 9, 1996, received the examiner's report on May 20, 1996, and provided the report to Tummino on May 21, 1996. Shortly before trial, State Farm's attorney indicated that "a few thousand dollars" more than the previous $10,000 offer was available; Tummino showed no interest and refused to change her $35,000 demand. Ultimately, the jury awarded Tummino a damage figure closer to State Farm's $10,000 assessment than Tummino's $35,000 demand.

In light of all the evidence in the instant case, we cannot hold that the trial court abused its discretion in determining that State Farm negotiated with Tummino in good faith. Applying the good faith standard set forth in *Kalain* and *Moskovitz*, we agree with the trial court's assessment that "[h]ere, it is State Farm that showed its willingness to reconsider and reevaluate, while [Tummino] did not." The trial court did not exhibit unreasonable or arbitrary judgment in deciding that "the evidence does not support the conclusion that [State Farm] failed to make a good faith effort to settle [Tummino's] case but does support the conclusion that [Tummino] failed to make such an effort."

Accordingly, Tummino's sole assignment of error is overruled.

### III

Tummino's assignment of error is overruled, and the judgment of the trial court denying her motion for prejudgment interest is affirmed.

*Judgment affirmed.*

DICKINSON, P.J., and QUILLIN, J., concur.