Because I disagree with the conclusion of the majority that an unequivocal e-mail transmission terminating an attorney-client relationship is ambiguous, I must respectfully dissent.
On May 26, 1998, the plaintiff, Mark Sinsky, sent an e-mail to opposing counsel in his divorce action. In this e-mail Mr. Sinsky notified opposing counsel without equivocation that he terminated his legal representation and resolved to proceed in apro se capacity. Yet, in this plain termination of an attorney-client relationship the majority incorrectly finds ambiguity of a sort which vitiates the grant of summary judgment.
It is axiomatic that an attorney-client relationship is consensual in nature and that the actions of either party which dissolve the essential mutual confidence between attorney and client can signal the termination of the relationship. See Brownv. Johnstone (1982), 5 Ohio App.3d 165. Actual notice to the attorney being terminated is not a formal requirement before an attorney-client relationship is dissolved. Cf. Mobberly v.Hendricks (1994), 98 Ohio App.3d 839; Chapman v. Basinger (1991),71 Ohio App.3d 5; Brown, supra; Mastran v. Marks (Mar. 28, 1990), Summit App. No. 14270, unreported, appeal not allowed (1990),54 Ohio St.3d 715. The majority reviews the e-mail sent by Mr. Sinsky to opposing counsel wherein he terminated his counsel, and concludes that since counsel for Mr. Sinsky did not receive notice, the termination was ineffectual. In so doing, this Court has as a practical matter created an actual notice requirement on behalf of the client before termination which frustrates the bedrock standard of mutual consent in an attorney-client relationship. See, generally, Brown, supra. The de facto
creation of an actual notice requirement in the context of termination of the attorney-client relationship has no foothold in law. Cf. Mobberly, Chapman, Brown, and Mastran, supra.
The majority also incorrectly muddles its analysis by looking prospectively at letters sent by Mr. Sinsky to new counsel and to the law firm of Slater Zurz on June 9 and 10, 1998, which redundantly dismissed his counsel, and concluding that these letters signify an ambiguity as to whether termination was effective upon the May 26, 1998 e-mail transmission. Redundant unequivocal expressions of termination do not operate to transform the first such expression in the stream into an equivocation. By the plain terms of Mr. Sinsky's e-mail sent to opposing counsel on May 26, 1998, Mr. Sinsky advised that his attorney was dismissed and that he would proceed to represent himself. Accordingly, I would find that the e-mail sent by Mr. Sinsky on May 26, 1998 constituted an affirmative act which terminated the attorney-client relationship.
Because I conclude that Mr. Sinsky terminated his attorney-client relationship on May 26, 1998, and since Mr. Sinsky failed to file his action for legal malpractice until May 28, 1999, in violation of the one year statute of limitations, I would find the action barred by the statute of limitations. See R.C.2305.11(A). Accordingly, I would affirm the grant of summary judgment.