OPINION
Appellant, Howard J. Trickett, appeals from the September 5, 2000 judgment entry of the Portage County Court of Common Pleas granting the motion for summary judgment of appellees, Krugliak, Wilkins, Griffiths, 
Dougherty Co., L.P.A. ("Krugliak") and Attorney David L. Simiele ("Simiele").
In August 1991, appellant retained Simiele, an attorney in Krugliak's office, to represent him in an appeal from a decision of the Randolph Township Board of Zoning Appeals ("the BZA"). The court of common pleas affirmed the decision of the BZA, and appellant appealed to this court. We held that the trial court never had jurisdiction to hear the appeal because Simiele had served the BZA with a notice of appeal in lieu of filing his notice of appeal with the BZA. Trickett v. Randolph Twp. Bd.of Zoning Appeals (Aug. 18, 1995), Portage App. No. 94-P-0007, unreported, 1995 Ohio App. LEXIS 3394, at 10. No appeal was ever filed from our decision.
On July 22, 1999, appellant filed a complaint with the Portage County Court of Common Pleas alleging malpractice on the part of appellees in connection with his appeal from the decision of the BZA. Appellees filed a motion for summary judgment on May 26, 2000. At the heart of appellees' motion was the assertion that the statute of limitations had run on appellant's malpractice claim. Appellant did not respond to the motion, which was granted by the trial court on September 5, 2000.
Appellant has filed a timely notice of appeal and makes the following assignments of error:
 "[1.] The [c]ommon [p]leas [c]ourt erred in allowing the August 23, 1999 filing of [appellees] to be entered with a questionable signature appearing as that of the trial court judge.
 "[2.] The [c]ommon [p]leas [c]ourt erred in allowing the Reminger Reminger filing to be entered prior to their admittance as counsel or as substitution of counsel.
 "[3.] The [c]ommon [p]leas [c]ourt erred in ruling for summary judgement prior to any discovery having taken place.
 "[4.] The [c]ommon [p]leas [c]ourt erred in ruling for summary judgement contrary to the Eleventh Appellate District Court's ruling in the underlying case, 94-PA-0007.
 "[5.] The [c]ommon [p]leas [c]ourt erred in ruling for summary judgement contrary to [appellant's] rights as per the [Fourteenth] Amendment of the United States Constitution."
In his first assignment of error, appellant contends that the trial court's August 23, 1999 judgment entry granting appellees' motion for an extension of time to answer appellant's complaint was improperly entered upon the journal.[1] Appellant has attached to his brief two versions of the judgment entry in question. Both versions contain identical language, and both versions were filed on August 23. However, the date stamps appear in different locations, and while the trial judge signed both, the signatures are also in slightly different locations. In short, the trial court created at least two signed versions of the judgment entry, only one of which appears in the transcript forwarded to this court as the "original."
While it is not clear to this court why more than one copy of the judgment entry was signed by the trial judge, we fail to see the prejudice to appellant. First, the judgment entry granted appellees a thirty day extension of time in which to respond to appellant's complaint. Appellant has not demonstrated any harm as the result of the granting of the extension. Second, if any fact can be deduced from the existence of multiple copies of a judgment entry, it is that the trial court was cognizant of its contents and fully intended to grant the extension of time. Because we can find no prejudice to appellant as the result of the existence of the two versions of the August 23, 1999 judgment entry, appellant's assignment of error is without merit.
In his second assignment of error, appellant asserts that Reminger 
Reminger ("Reminger") failed to file a notice of substitution of counsel. Technically, appellant is correct. Appellees responded to appellant's complaint by filing a motion for an extension of time drafted by Sam Simmerman ("Simmerman"), an attorney associated with Krugliak. Subsequent to that initial filing, appellees were represented by Reminger. In spite of the fact that Reminger was substituted for Simmerman as appellees' counsel, no notice of substitution is contained in the record.
As was the case with appellant's first assignment of error, he fails to demonstrate any prejudice to himself as the result of appellees failing to file a notice of substitution of counsel. Both appellant and the trial court were fully aware that Reminger was representing appellees in this matter. Therefore, appellant's second assignment of error lacks merit.
Appellant's third and fourth assignments of error both turn on the trial court's granting of appellee's motion for summary judgment. In those assignments of error, appellant makes two arguments as to why summary judgment was inappropriate: (1) discovery had not yet been conducted; and (2) appellees clearly made a mistake in handling appellant's zoning appeal. Neither of these arguments is responsive to appellees' motion for summary judgment, which was predicated on the running of the statute of the limitations for a filing of a legal malpractice claim and the fact that appellant had failed to retain an expert witness.
R.C. 2305.11(A)(1) states that "an action for malpractice * * * shall be commenced within one year after the cause of action accrues * * *." In a legal malpractice claim, the cause of action accrues "when the attorney-client relationship for that particular transaction orundertaking terminates or when the client discovers the resulting damage or injury, whichever occurs later." (Emphasis sic.) Zimmie v. Calfee,Halter and Griswold (1989), 43 Ohio St.3d 54, 57.
Here, appellant's malpractice claim arose from appellees' failure to file the proper notice of appeal with the BZA. On August 21, 1995, this court issued its opinion denying appellant's appeal from the decision of the BZA for that reason. The fact that appellant knew of this decision by September 1995, was uncontested.[2] Therefore, the trial court had no choice but to accept appellees' averments that appellant knew of his alleged injury by September 1995 as being true.
The issue of when the attorney-client relationship is terminated is a question of fact. Omni-Food Fashion, Inc. v. Smith (1988),38 Ohio St.3d 385, 388. The Ninth Appellate District has held that "[i]n determining when the attorney-client relationship is terminated, the court must point to an affirmative act by either the attorney or the client that signals the end of the relationship." Mobberly v. Hendricks
(1994), 98 Ohio App.3d 839, 843. In the instant case, there was no such affirmative act. Neither party has suggested that it ever sent a letter specifically terminating the attorney-client relationship. Nor did appellant retain new counsel to pursue the zoning issue on his behalf.
However, it is undisputed that subsequent to February 21, 1996 (several months after the deadline for filing an appeal with the Supreme Court had passed), appellees performed no further legal work for appellant. Appellant did not file his complaint until July 22, 1999, more than two years after appellees had last provided him with any legal services. Further, appellant has failed to identify any further action that he anticipated appellees would undertake on his behalf with respect to the zoning appeal.
In view of the foregoing, we decline to follow the Ninth Appellate District's holding in Mobberly requiring an affirmative act to terminate the attorney-client relationship. In this case, appellant had exhausted his appeals and settlement negotiations had failed. Appellees had also declined to represent appellant in the filing of civil rights claims against government entities and officials based upon their conduct during the zoning dispute. This court holds that given the absence of any legal remedies available to appellant with respect to his zoning appeal subsequent to February 21, 1996, and his lack of communication with appellees subsequent to that date, the attorney-client relationship between appellant and appellees for that particular transaction terminated on February 21, 1996.
In a summary judgment exercise, the moving party bears the initial burden of demonstrating "the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296. Once the moving party has met this burden, the nonmoving party must provide or indicate evidence in the record demonstrating a genuine issue of material fact. Civ.R. 56(E). Here, appellees have provided the factual predicate to suggest that the statute of limitations on appellant's malpractice claim began to run on February 21, 1996, thus shifting the burden to appellant to demonstrate that this was not the case. Appellant failed to meet this burden; therefore, the trial court appropriately granted summary judgment.
With respect to appellant's third assignment of error, in which he asserts that the trial court erred in granting summary judgment prior to any discovery having been conducted, we would note that no discovery was required for appellant to aver facts that would have created a genuine issue of fact as to when the statute of limitations began to run on his legal malpractice claim. Evidence that he was still being represented by appellee with respect to his zoning appeal should have been within appellant's possession.[3] Therefore, appellant's third assignment of error lacks merit.
Appellant's fourth assignment of error goes to whether appellee committed malpractice. This point is moot as a result of appellant failing to bring his claim in a timely fashion.
Finally, in his fifth assignment of error, appellant asserts that that the trial court's granting of summary judgment violated hisFourteenth Amendment rights. We presume that in raising this issue, appellant is contesting the constitutional validity of R.C. 2305.11(A)(1). However, appellant has failed to support this assertion with any legal reasoning. App.R. 16(A)(7) requires that an appellant's brief include"[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." See, also, Chandler Assoc.,Inc. v. America's Healthcare Alliance (1997), 125 Ohio App.3d 572, 589. In the instant matter, appellant's "argument" consists of two sentences: "[a] basic right guaranteed by the 14th [A]mendment is the principle that the government must treat each person or group the same as it treats others. This has not occurred." In our view, appellant has failed to comply with App.R. 16(A)(7), and we decline to construct his constitutional argument for him. Consequently, appellant's fifth assignment of error lacks merit.
The judgment of the Portage County Court of Common Pleas is affirmed.
CHRISTLEY, J. and GRENDELL, J. concur.
[1] This August 23, 1999 judgment entry is distinct from the September 5, 2000 judgment entry granting appellees' motion for summary judgment, which is the judgment entry from which this appeal has been taken.
[2] Appellees attached the affidavit of Simiele to their motion for summary judgment. Apparently, Simiele was the attorney representing appellant in his appeal from the BZA decision. His affidavit provides the evidential basis for the factual assertions contained in appellees' motion for summary judgment.
[3] Appellees submitted interrogatories and a request for production of documents to appellant on or about September 13, 1999. Appellant did not begin to conduct discovery until he requested a copy of his client file from appellee on or about February 22, 2000. Summary judgment was not granted until September 5, 2000. In short, it appears that appellant had ample time to conduct discovery in this matter, but chose not to avail himself of the opportunity.