DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Vincent Niepsuj, appeals the judgment of the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} Appellant, Vincent Niepsuj, and his wife divorced in Summit County under Case No. 2002-02-0687 (hereinafter "the domestic relations case"). Prior to the commencement of the divorce proceedings, the domestic relations court issued a civil protection order ("CPO") restricting Niepsuj's visitation rights with his minor children. See Case No. 2001-10-03960 (hereinafter "the CPO case"). Appellee, Mark Glick, did not represent Niepsuj in the divorce proceedings. Rather, Glick was retained by Niepsuj only to assist him in obtaining a modification of the visitation order and in quashing the CPO. On January 31, 2006, Glick filed a motion for visitation on behalf of Niepsuj. Glick filed this motion in both the CPO case and the domestic relations case. In the motion, Glick moved the court "for an order fixing [Niepsuj's] *Page 2 
visitation rights with his minor children and to modify and dismiss any C.P.O. orders." Glick appeared on behalf of Niepsuj at an April 13, 2006 hearing on the motion for visitation. The record reflects that in an order dated September 22, 2006, the trial court denied the motion for visitation filed by Glick on behalf of Niepsuj. In that order, the trial court noted that Niepsuj had been found guilty of menacing by stalking and had been sentenced to 21 months of incarceration.
 {¶ 3} In a letter from Niepsuj to Glick dated October 1, 2006, Niepsuj informed Glick that his ex-wife had filed a motion for an extension of her CPO. Niepsuj asked whether Glick could help him fight the motion. More specifically, Niepsuj notified Glick that the court had scheduled a hearing on the motion to extend the CPO and asked Glick to move for a postponement of the hearing. In a letter dated October 4, 2006, Glick informed Niepsuj that he received his October 1, 2006 letter and that he was no longer representing Niepsuj.
 {¶ 4} On October 10, 2007, Niepsuj filed a complaint against Glick for legal malpractice. On November 19, 2007, Glick filed a motion to dismiss Niepsuj's complaint or, in the alternative, a motion for summary judgment. Glick attached his affidavit to his motion. In his affidavit, Glick averred that Niepsuj employed him to file an application to determine his visitation privileges with his children in the domestic relations case. Glick stated that he filed the motion for visitation on January 31, 2006. He further stated that the trial court held a hearing on the motion on April 13, 2006. Glick also averred that he neither represented nor was obligated to represent Niepsuj after April 13, 2006. Glick also stated that he did not represent Niepsuj in his criminal case wherein Niepsuj was charged with stalking. Based on the above assertions, Glick argued that he was entitled to summary judgment because Niepsuj's complaint was barred by the one year statute of limitations applicable to malpractice actions. *Page 3 
 {¶ 5} On January 17, 2007, the trial court issued an order denying Glick's motion to dismiss. In this same order, the trial court notified the parties that it would treat Glick's November 19, 2007 motion as a motion for summary judgment. The trial court informed Niepsuj that he must file any responses to the motion for summary judgment by December 28, 2007. On December 14, 2007, Niepsuj filed a response to Glick's motion. On January 10, 2008, the trial court granted Glick's motion for summary judgment. Niepsuj timely appealed the trial court's order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE LOWER COURT ERRED IN DISMISSING [NIEPSUJ'S] LEGAL MALPRACTICE ACTION AGAINST HIS ATTORNEY, [GLICK], BASED ON THE SOLE ASSERTION THAT IT IS BARRED BY R.C. 2305.11(A) OHIO'S ONE-YEAR STATUTE OF LIMITATIONS FOR LEGAL MALPRACTICE ACTIONS."
 {¶ 6} In his sole assignment of error, Niepsuj asserts that the trial court erred in dismissing his legal malpractice action against Glick based solely on the assertion that the action was barred by Ohio's one-year statute of limitations for legal malpractice actions set forth in R.C. 2305.11(A). We disagree.
 {¶ 7} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from *Page 4 
the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ. R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} Pursuant to R.C. 2305.11, an action for legal malpractice must be commenced within one year after the cause of action accrued. In the case at bar, Niepsuj has argued that the trial court erred when it concluded that his claim of legal malpractice was time-barred. In contrast, Glick has argued that the statute of limitations had run and, as a result, the trial court properly determined that Niepsuj's claim was time-barred.
 {¶ 10} The time within which a party must bring a cause of action for legal malpractice is governed by R.C. 2305.11(A), which states that a legal malpractice claim "shall be commenced within one year after the cause of action accrued[.]" In Zimmie v. Calfee, Halter Griswold
(1989), 43 Ohio St.3d 54, the Supreme Court of Ohio established a two-part test to determine when the statute of limitations begins to run on a claim for legal malpractice. In Zimmie, the Court stated that: *Page 5 
 "Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Zimmie, 43 Ohio St.3d at syllabus.
 {¶ 11} Our review of the dockets from the domestic relations case and the CPO case reveals that Glick only filed a few motions/documents on behalf of Niepsuj. On January 31, 2006, Glick filed three documents including; (1) the motion for visitation, (2) a document entitled "Defendant's Information/Parenting Proceeding Affidavit", and (3) instructions for certified mail and notices issued with the motion. The dockets reflect that on February 16, 2006, Glick received a notification of failure to obtain certified mail service on Niepsuj's ex-wife. The domestic relations docket also reflects that on March 30, 2006, Glick again filed instructions for certified mail and notices issued with a motion. While Glick admittedly appeared on behalf of Niepsuj at an April 13, 2006 hearing on the motion for visitation, Glick did not file any motions on behalf of Niepsuj in either case after March 30, 2006. All other motions filed thereafter were filed by Niepsuj. The record reflects that in an order dated September 22, 2006, the trial court denied the motion for visitation filed by Glick on behalf of Niepsuj. This order was sent to Glick.
 {¶ 12} "The determination of whether an attorney[-]client relationship has ended is necessarily one of fact, to be decided by the trier of fact." Sinsky v. Gatien (Aug. 30, 2000), 9th Dist. No. 19795, at *2, citing Mobberly v. Hendricks (1994), 98 Ohio App.3d 839, 843. InMobberly, this Court explained:
 "[T]he attorney-client relationship is consensual, subject to termination by acts of either party. A client may terminate the relationship at any time. However, an attorney is not free to withdraw from the relationship absent notice to his client and, if required by the rules of court where the attorney is representing the client, *Page 6 
permission from the court." (Internal citations and quotations omitted.) Mobberly, 98 Ohio App.3d at 843.
"In determining when the attorney-client relationship is terminated, the court must point to an affirmative act by either the attorney or the client that signals the end of the relationship." Id., citingMastran v. Marks (Mar. 28, 1990), 9th Dist. No. 14270, at *4.
 {¶ 13} In the instant matter, the trial court determined that the attorney-client relationship ended on April 13, 2006. The court held that Niepsuj failed to present any specific facts in response to Glick's motion for summary judgment to show that Glick was still representing him after the April 13, 2006 date stated in Glick's affidavit.
 {¶ 14} The record reflects that Niepsuj filed a response to Glick's motion to dismiss or for summary judgment. However, Niepsuj failed to attach an affidavit or other documentary evidence to his motion to controvert Glick's assertion that his representation ended on April 13, 2006. The only evidentiary material filed in the trial court indicated that Glick's representation ended on or before April 13, 2006. Similarly, on appeal, Niepsuj has again failed to present any specific facts to show that Glick was still representing him after the April 13, 2006 hearing.
 {¶ 15} The only argument Niepsuj makes on appeal with regard to the operative date for statute of limitations purposes concerns the date on which Niepsuj allegedly discovered his injury. Niepsuj appears to argue that he did not discover that he was injured by Glick's representation until either August of 2007, when he learned of the final resolution in the CPO case, and/or September of 2007, when he learned of the final resolution in the domestic relations case. However, Niepsuj has failed to provide any argument in support of his contention that either of these dates is the operative date for statute of limitations purposes. An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. Angle v.W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *Page 7 
*1; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App. R. 16(A)(7) and Loc. R. 7(A)(6). Moreover, "[i]f an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at *8. As Niepsuj has failed to meet his burden with regard to this assertion, we decline to address it.
 {¶ 16} Even if we somehow find that the attorney-client relationship did not terminate on April 13, 2006, or even on September 22, 2006 when the trial court denied the motion for visitation, we find that Glick undisputedly terminated the attorney-client relationship on October 4, 2006 — the date of the letter Glick sent to Niepsuj informing him that he was no longer representing him. Assuming this date as operative, Niepsuj's malpractice action is still barred by the one-year statute of limitations. Niepsuj filed his malpractice action on October 10, 2007, more than one year after Glick's October 4, 2006 letter. SeeMobberly, 98 Ohio App.3d at 843.
 {¶ 17} Accordingly, we find no error in the trial court's decision granting summary judgment in favor of Glick on Niepsuj's malpractice action. Niepsuj's sole assignment of error is overruled.
 III. {¶ 18} Niepsuj's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 8 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, J. WHITMORE, J. CONCUR *Page 1