DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury verdict for appellants/cross-appellees, Floyd and Charmaine Napierala ("Floyd and Charmaine"), denied their motion for a new trial in this vehicular accident case. Appellee/cross-appellant Stanley L. Szczublewski ("Stanley") filed a cross-appeal from a judgment granting prejudgment interest. For the reasons stated herein, this court reverses the judgment of the trial court awarding prejudgment interest; all other portions of the decision are affirmed.
 {¶ 2} The following facts are relevant to this appeal. On November 7, 2001, the case proceeded to trial solely on the issue of damages. Both Floyd and Charmaine claimed separate surgical procedures were related to the vehicular accident. Various medical records from treating physicians of Floyd and Charmaine were admitted and the testimony of Floyd and Charmaine's treating physicians was presented via videotape. However, Stanley disputed that the surgical procedures were related to the vehicular accident; Stanley posited that Floyd's back surgery was due to a degenerative disc condition and that Charmaine's paraesophageal hernia for which she had surgery would have taken years to develop and that Charmaine's medical history and treatment was consistent with pre-existing gastrointestinal problems.
 {¶ 3} The case was submitted to the jury with special interrogatories drafted by appellants in addition to the general verdict forms. On November 9, 2001, the jury returned with its verdict. After reviewing the verdict forms and the interrogatories, the trial judge stated: "All right. The answers to the interrogatories appear to be consistent with the general verdict forms. If the bailiff will please read the verdict forms." The bailiff announced that the jury awarded Floyd $15,000 and Charmaine $5,000. The trial judge asked if either counsel wished to poll the jury and appellant's counsel answered affirmatively. After the jury was polled, the trial judge asked: "Anything else from counsel at this time?" Counsel answered in the negative and the trial judge then dismissed the jury.
 {¶ 4} On November 16, 2001, Floyd and Charmaine filed a motion for new trial pursuant to Civ.R. 59(A)(6), claiming inadequacy of the jury award, arguing that there was no award to either plaintiff for non-economic damages consisting of pain and suffering on their individual claims. Floyd and Charmaine also filed a motion for prejudgment interest on the same day. On January 21, 2002, the motion for new trial was denied and the motion for prejudgment interest was granted. Floyd and Charmaine timely filed their notice of appeal; Stanley timely filed his notice of cross-appeal.
 {¶ 5} Floyd and Charmaine set forth the following two assignments of error:
 {¶ 6} "Assignment of Error I
 {¶ 7} "The trial court erred in not granting appellants' motion for a new trial based on inconsistencies in the interrogatories and jury verdict which demonstrate that the jury did not consider all elements of damages.
 {¶ 8} "Assignment of Error II
 {¶ 9} "The trial court erred in not granting appellants' motion for a new trial based on `plain error' when appellants relied upon the trial court's statement that the interrogatory answers and general verdicts appeared to be consistent."
 {¶ 10} Stanley sets forth the following cross-assignment of error:
 {¶ 11} "The granting of prejudgment interest against appellee is contrary to precedent within this Sixth Appellate Judicial District."
 {¶ 12} In their first and second assignments of error, appellants claim error in the trial court's denial of their motion for a new trial. This court finds no merit in these assignments of error.
 {¶ 13} In Youssef v. Parr, Inc. (1990), 69 Ohio App.3d 679, 690, the court noted:
 {¶ 14} "In considering a motion for new trial, the trial court must exercise its discretion in determining whether a new trial is warranted under the circumstances. An appellate court, when reviewing that decision, may reverse only where it finds an abuse of discretion. The reviewing court is not to substitute its judgment for that of the trial court." (Citations omitted.)
 {¶ 15} An abuse of discretion implies that a court's attitude is "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 16} In their first assignment of error, appellants argue that their motion should have been granted due to inconsistencies between the interrogatories and the jury verdict which demonstrate that the jury did not consider all elements of damages. However, appellants failed to object to any inconsistent interrogatory answers before the jury was discharged and, thus, have waived their right to object.
 {¶ 17} An objection to an inconsistent answer to jury interrogatory is waived unless the party raises the objection prior to the jury's discharge. Cooper v. Metal Sales Mfg. Corp. (1995),104 Ohio App.3d 34, 42. The policy reasons behind requiring an objection are "(1) to promote the efficiency of trials by permitting the reconciliation of inconsistencies without the need for a new presentation of evidence to a different trier of fact, and (2) to prevent jury shopping by litigants who might wait to object to an inconsistency until after the original jury is discharged." Greynolds v. Kurman (1993),91 Ohio App.3d 389, 395.
 {¶ 18} After the jury's verdicts were announced and the jury was polled, the trial judge asked the parties' counsel if there was anything else; counsel answered in the negative. Appellants did not suggest that there was any inconsistency until they filed their motion for new trial, after their jury had already been discharged. Appellants' failure to raise the issue before the jury was discharged when any error could have been addressed must be considered as a waiver of the issue. As noted by the court in Shoemaker v. Crawford (1991), 78 Ohio App.3d 53, 61:
 {¶ 19} "When the jury returned its verdict, the court expressly questioned the parties on whether they had anything to add. There was no response by any party. The remedies provided under Civ.R. 49 cannot be exercised in total once the jury is excused. Therefore, any objections to interrogatories must be raised while the jury is still impaneled and the court has the full range of choices before it. Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207. Appellant's failure to timely object to the interrogatories waived any error concerning their alleged inconsistencies. (Parallel citations omitted.)" As noted by the court inCooper v. Metal Sales Mfg. Corp., 104 Ohio App.3d at 42:
 {¶ 20} "If such an objection is timely made, then the trial judge has an opportunity to correct such inconsistency by: '1. returning the jury for further consideration of its answer; 2. entering judgment in accordance with the answer; or 3. ordering a new trial.' (Citation omitted.) See, also, Civ.R. 49(B).
 {¶ 21} "Because appellant waited until the jury was discharged, the best option, that of having the jury clarify its position, was unavailable to the judge. (Citation omitted.)"
 {¶ 22} Additionally, the court in Avondet v. Blankstein (1997),118 Ohio App.3d 357, 369, stated: "Any other decision would encourage jury shopping by litigants, who might preclude resubmission of the verdict merely by waiting to object until after the original jury is discharged. (Citations omitted.)" See, also, Romp v. Haig (1995),110 Ohio App.3d 643, 647.
 {¶ 23} Accordingly, appellants' first assignment of error is found not well-taken.
 {¶ 24} In their second assignment of error, appellants argue that the trial court erred in not granting their motion for new trial based on the plain error doctrine. This court finds no merit in this assignment of error.
 {¶ 25} Errors arising in the trial court, which are not called to the court's attention at a time when the error could have been corrected or avoided, are waived, absent plain error. "The plain error doctrine provides for the correction of errors clearly apparent on their face and prejudicial to the complaining party even though the complaining party failed to object to the error at trial. (Citations omitted.) The plain error doctrine may be utilized in civil cases only with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. (Citations omitted.)" LeFort v. Century21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 124.
 {¶ 26} In support of this assignment of error, appellants rely upon O'Connell v. Chesapeake Ohio R.R. Co. (1991), 58 Ohio St.3d 226,229-230, in which the Ohio Supreme Court applied the plain error doctrine when a party failed to object to inconsistencies in jury interrogatories. In O'Connell, a different quotient of three-quarters, or different combinations of six of eight of the jurors, signed the six respective written interrogatories submitted to the jury in that case.[1]
Id. at 237. Thus, the required three-quarters quotient of the "same jurors" never responded to all the interrogatories that were submitted and used in lieu of a general verdict. The Ohio Supreme Court held that a valid verdict was not achieved under those circumstances. Id. However, the "same juror" issue violated in O'Connell is not at issue in the case sub judice.
 {¶ 27} The case sub judice is further distinguishable fromO'Connell in another way. In O'Connell, after noting that it was a long and involved trial, the Ohio Supreme Court stated that "there was little chance of discovering the inconsistencies without a protracted examination and comparison of the interrogatory forms themselves." The Court therefore concluded that the party could not be said to have waived a challenge to the jury's answers. Id. at 229. See, also, San v. Scherer
(Feb. 5, 1998), Franklin App. Nos. 97APE03-317, 97APE03-318 (No waiver due to application of plain error doctrine when inconsistencies between interrogatories would have been difficult to ascertain given the fact that interrogatories had been completed and returned at separate times and during different phases of the trial (previous interrogatories had been returned some five months earlier). In the case sub judice, the alleged inconsistency between the interrogatories and the verdict would have been clearly apparent had appellants' trial counsel simply examined the interrogatories.
 {¶ 28} A final reason for declining to apply the plain error doctrine to this case was stated in O'Connell, supra, at fn. 3, in which the Ohio Supreme Court specifically declined to extend its holding to liability and damages issues. In accord, See, also, Blake v. Faulkner
(Nov. 6, 1996), Shelby App. Nos. 17-95-12, 17-95-13, discretionary appeal not allowed, 65 Ohio St.3d 1453 (1992). The application of the plain error exception is, thus, not justified in the case sub judice.
 {¶ 29} Accordingly, appellants' second assignment of error is found not well-taken.
 {¶ 30} In his cross-assignment of error, Stanley argues that the granting of prejudgment interest against him is contrary to precedent within this appellate district. This court finds merit in this assignment of error.
 {¶ 31} The grant of an award of prejudgment interest is within the trial court's sound discretion. Scioto Mem. Hosp. Assn., Inc. v. PriceWaterhouse (1996), 74 Ohio St.3d 474, 479. Absent an abuse of discretion, a trial court's decision on the matter should not be reversed. Mobberly v. Hendricks (1994), 98 Ohio App.3d 839, 845. An abuse of discretion occurs where a court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 32} In this case, prejudgment interest was awarded pursuant to R.C. 1343.03(C).[2] In Kalain v. Smith (1986), 25 Ohio St.3d 157, syllabus, the Ohio Supreme Court held that whether a party has made a good faith effort to settle under R.C. 1343.03(C) is determined by whether he or she has (1) fully cooperated in discovery proceedings, (2) rationally evaluated the risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. All four criteria must be met.
 {¶ 33} Stanley cites Warner v. Donnell (Sept. 30, 1998), 6th Dist. No. S-98-002, discretionary appeal not allowed, 84 Ohio St.3d 1503
(1999) in support of this assignment of error. In Warner, this court reversed the grant of prejudgment interest in a case in which the defendant questioned whether the claimed medical expenses were the result of any injuries sustained in the vehicular accident. This court found that the trial court's decision to award prejudgment interest was unreasonable and, therefore, an abuse of discretion, when there was no indication in the record that the defendant negotiated in bad faith and, after evaluating the evidence, made an offer she believed reasonable based on that evidence. See, also, Steele v. Diab (Dec. 3, 1999), 6th Dist. No. E-98-035, discretionary appeal not allowed, 88 Ohio St.3d 1489
(2000) in which, after noting the defendant's good faith belief that she was not liable for the plaintiff's injuries, this court found the trial court abused its discretion in awarding prejudgment interest. This court stated "It would be an injustice to penalize a party for exercising her right to trial," citing Avondet v. Blankstein (1997), 118 Ohio App.3d 357,370.
 {¶ 34} Based upon the consideration of the above law and the facts in this case, this court finds that the trial court abused its discretion in awarding prejudgment interest.
 {¶ 35} Accordingly, Stanley's cross-assignment of error is found well-taken.
 {¶ 36} On consideration whereof, the decision of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. The decision of that court awarding prejudgment interest is reversed; all other portions of the decision are affirmed. This case is remanded to the trial court for further proceedings consistent with this opinion. Court costs of this appeal are assessed to appellants.
JUDGMENT REVERSED IN PART AND AFFIRMED IN PART.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.
[1] In O'Connell, inconsistencies in the participation of the jurors in answering the interrogatories occurred. For instance, one of the jurors did not respond to the proximate cause interrogatory, yet participated in apportioning the fault between the two parties; and another juror did not respond to the interrogatory regarding whether one of the parties was negligent, but then in the interrogatory apportioning the percentage of fault, found the party 30 percent negligent.
[2] R.C. 1343.03(C) provides:
"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based upon tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."