OPINION
{¶ 1} Appellant Linda Howard appeals from the Licking County Probate Court's June 26, 2002, Judgment Entries appointing Attorney Karen J. Bunning as Guardian for Edward M. Keller and Betty Keller. Appellee is Attorney Karen J. Bunning, Guardian of Edward M. Keller and Betty Keller.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} The instant action was initiated when appellant Linda Howard [hereinafter appellant] filed applications for the appointment of a guardian for her father, Edward M. Keller, and her step-mother Betty Keller, in the Licking County Probate Court.[1] Appellant sought the appointment of herself as guardian and felt that appellant's half-sister Marlena Friend had alienated the Kellers from appellant, and had begun to exert influence over the Kellers with respect to their financial affairs. Subsequently, Marlena Friend [hereinafter Friend] also filed applications to be appointed guardian for the Kellers and Notices of Intent to Object to the appointment of Linda Howard as guardian.[2]
 {¶ 3} Ultimately, a hearing on the appointment of a guardian was held on June 7, 2002. Appellant was present and represented by counsel. Mrs. Keller was also present at the hearing, however, upon recommendation of Mr. Keller's guardian ad litem, Mr. Keller was not present. However, Mr. Keller's guardian ad litem was present.
 {¶ 4} At the conclusion of the hearing, Attorney Karen J. Bunning was appointed Guardian for both Mr. and Mrs. Keller. It is from these appointments of Guardian that appellant appeals, raising the following assignment of error:
 {¶ 5} "The trial court committed error prejudicial to the appellant, abusing its discretion by appointing a Guardian other than appellant for appellant's father and step-mother."
 {¶ 6} In the sole assignment of error, appellant argues that the trial court abused its discretion when it appointed a guardian other than appellant for appellant's father and step-mother. We disagree.
 {¶ 7} A trial court is vested with broad discretion in appointing guardians. The standard of review for such matters is to determine whether the trial court abused its discretion in reaching its judgment. Absent a clear abuse of that discretion, the lower court's decision should not be reversed. Mobberly v. Hendricks (1994), 98 Ohio App.3d 839,845, 649 N.E.2d 1247. An abuse of discretion implies more than an error of law or judgment. Rather, abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 8} We find the trial court did not abuse its discretion in appointing Attorney Bunning as guardian. First, the trial court's appointment of Attorney Bunning as guardian was with the consent of the applicants, including appellant.[3] Second, Attorney J. Michaels Nicks, guardian ad litem for the Kellers, recommended that Attorney Bunning be appointed as the guardian of Mr. and Mrs. Keller. Third, Attorney Bunning appears competent to serve as guardian. The trial court described Attorney Bunning as follows: "Miss Bunning is a long-time member of this community. She's been an attorney for 27 years. She has had extensive experience in working with the elderly. She is what we would refer to as, quite frankly, a neutrally, detached, objective person. Okay. She has no axe to grind with anyone. She's especially competent in these matters." Transcript of Proceedings, pg. 18. No one attending the hearing expressed any concern over Attorney Bunning's ability to serve as guardian.
 {¶ 9} Upon review of the record, we find that the trial court did not abuse its discretion in appointing Attorney Bunning as guardian for Mr. and Mrs. Keller. Appellant's sole assignment of error is overruled.
 {¶ 10} The judgment of the Licking County Court of Common Pleas, Probate Division, is affirmed.
By: Edwards, J., Hoffman, P.J. and Boggins, J. concur.
In Re: Appt. of Guardian — Abuse of discretion.
[1] Appellant filed two separate applications in the Probate Court which were assigned two different case numbers. The two applications were then considered at one hearing held on June 7, 2002. Two separate appeals were taken from the appointments of guardian. However, appellant and appellees filed identical briefs in the appeals. Because of the interrelationship of the cases and facts, the two appeals will be considered together in this opinion.
[2] Friend and appellant have the same mother but different fathers. Thus, Friend is not biologically related to either Edward or Betty Keller.
[3] The record does not reflect any objection to the appointment of Attorney Bunning as guardian but does reflect appellant's counsel's acknowledgement that appellant consented to the appointment. In appellant's brief, appellant asserts that at the hearing, she attempted to get her counsel to object to the absence of Mr. Keller and the appointment of Attorney Bunning as guardian. However, any such attempts are not on the record before this court. Since this court's review is limited to the record before this court, this court may not consider appellant's alleged objections to Attorney Bunning's appointment as guardian. See State v. Kelley (1991), 57 Ohio St.3d 127, 130,566 N.E.2d 658; State v. Ishmail (1978), 54 Ohio St.2d 402, 403-404,377 N.E.2d 500.